**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 05-2041**

———————————

IT TJAY LO,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

———————————

On Petition for Review of an Order of the Board of Immigration
Appeals.  (A96-426-971)

———————————

Submitted:  May 31, 2006              Decided:  June 27, 2006

———————————

Before GREGORY, SHEDD, and DUNCAN, Circuit Judges.

———————————

Petition denied by unpublished per curiam opinion.

———————————

Andrew P. Johnson, LAW OFFICES OF ANDREW P. JOHNSON, New York, New
York, for Petitioner. Peter D. Keisler, Assistant Attorney General,
James A. Hunolt, Senior Litigation Counsel, Kristin K. Edison,
OFFICE OF IMMIGRATION LITIGATION, Washington, D.C., for Respondent.

———————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

It Tjay Lo, a native and citizen of Indonesia, petitions for review of an order of the Board of Immigration Appeals (Board) adopting and affirming the Immigration Judge's order denying relief from removal. Lo contends that the Board and Immigration Judge erred in finding him ineligible for withholding of removal.[*]

"To qualify for withholding of removal, a petitioner must show that he faces a clear probability of persecution because of his race, religion, nationality, membership in a particular social group, or political opinion." Rusu v. INS, 296 F.3d 316, 324 n.13 (4th Cir. 2002) (citing INS v. Stevic, 467 U.S. 407, 430 (1984)). Having conducted our review, we conclude that substantial evidence supports the finding that Lo failed to establish eligibility for withholding of removal.

We accordingly deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

---

[*]Lo also challenges the Immigration Judge's denial of protection under the Convention Against Torture (CAT). As the Board found that any challenges to the denial of CAT were waived as they were not effectively raised on appeal from the Immigration Judge, we find that we may not consider them in the context of this petition for review. See 8 U.S.C.A. § 1252(d)(1) (West 2005).